UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO.  03-32063-WRS |
|   COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
|   Debtor | ) | |
| IN RE: | ) | |
| | ) | CASE NO.  03-32213-WRS |
| TERRY UNIFORM | ) | |
|   COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| AND TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CIVIL ACTION NO. |
|   Appellee, | ) | |
| | ) | 2:06-CV-0746 |
| VERSUS | ) | |
| | ) | |
| N.D. HORTON, JR. AND JAMES M. | ) | |
| REYNOLDS, | ) | |
|   Appellants. | ) | |

**MOTION FOR LEAVE TO FILE POST-HEARING MEMORANDUM**

NOW INTO COURT, through undersigned counsel, comes J. Lester Alexander, III, the Trustee of Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC and the Plaintiff-Appellee herein, and respectfully requests that he be granted leave to file the attached post-hearing memorandum addressing the limited issue of whether the defense asserted by Defendant-Appellants pursuant to § 8-9A-8(d) of the Alabama Fraudulent Transfer Act is dispositive of the captioned appeal and fatal to the Plaintiff-Appellee's judgment.  As more fully

NO.99743001.1

set forth in the accompanying memorandum, during oral argument this Court inquired as to whether it would be dispositive of the appeal should the Court accept the Appellants' interpretation of the scope and meaning of § 8-9A-8(d).  Counsel for the Appellee acknowledged that should the Court adopt the Appellants' interpretation and conclude that Appellants qualify as "good faith transferee(s)," it would be dispositive of the Trustee's judgment under the Alabama Fraudulent Transfer Act.  Counsel may not have made clear, however, that the defense would not be dispositive of the Trustee's separate claims under the fraudulent conveyance provisions of the United States Bankruptcy Code, 11 U.S.C. § 548.  The attached memorandum explains this distinction and addresses the impact upon the damages awarded by the Bankruptcy Court.

WHEREFORE, J. Lester Alexander, III, Trustee and Plaintiff-Appellee herein, respectfully requests that he be granted leave to file the attached memorandum and that he be provided such other and further relief as may be just and equitable.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By:   /s/  Brent B. Barriere
Brent B. Barriere, T.A.  (La. Bar No. 2818)
Catherine E. Lasky (La. Bar No. 28652)
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE FOR TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC**

-2-

NO.99743001.1

## **CERTIFICATE OF SERVICE**

      I certify that, on this 6th day of December, 2006, by United States mail, properly addressed and postage pre-paid to the following persons:

C. Ellis Brazeal
Walston Wells & Birchall, LLP
One Federal Place
1819  5th Avenue North, Suite 1100
Birmingham, Alabama 35203-2122

                                                                                            /s/  Brent B. Barriere_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
|   COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
|   Debtor | ) | |
| IN RE: | ) | |
| | ) | CASE NO. 03-32213-WRS |
| TERRY UNIFORM | ) | |
|   COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| AND TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CIVIL ACTION NO. |
|   Appellee, | ) | |
| | ) | 2:06-CV-0746 |
| VERSUS | ) | |
| | ) | |
| N.D. HORTON, JR. AND JAMES M. | ) | |
| REYNOLDS, | ) | |
|   Appellants. | ) | |

**O R D E R**

Considering the foregoing Motion for Leave to File Post-Hearing Memorandum filed by Plaintiff-Appellee, J. Lester Alexander, III, Trustee of Terry Manufacturing Company, Inc. ("Motion") and Terry Uniform Company, LLC and finding good cause of the relief requested therein

IT IS HEREBY ORDERED that the Motion is granted in its entirety;

-1-

IT IS FURTHER ORDERED that the Plaintiff-Appellee is granted leave to file a Post-Hearing Memorandum;

IT IS FINALLY ORDERED that the Post-Hearing Memorandum filed by the Plaintiff-Appellee shall be entered into the record of this proceeding.

Montgomery, Alabama, this _____ day of _____.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | CASE NO. 03-32063-WRS |
|   COMPANY, INC. | ) | |
| | ) | CHAPTER 7 |
|   Debtor | ) | |
| IN RE: | ) | |
| | ) | CASE NO. 03-32213-WRS |
| TERRY UNIFORM | ) | |
|   COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| J. LESTER ALEXANDER, III, | ) | |
| TRUSTEE OF TERRY | ) | |
| MANUFACTURING COMPANY, INC. | ) | |
| AND TERRY UNIFORM | ) | |
| COMPANY, LLC, | ) | CIVIL ACTION NO. |
|   Appellee, | ) | |
| | ) | 2:06-CV-0746 |
| VERSUS | ) | |
| | ) | |
| N.D. HORTON, JR. AND JAMES M. | ) | |
| REYNOLDS, | ) | |
|   Appellants. | ) | |

**POST-HEARING MEMORANDUM OF PLAINTIFF/APPELLEE**
**J. LESTER ALEXANDER, III, TRUSTEE OF TERRY MANUFACTURING**
**COMPANY, INC.**

Before this Court is the appeal of the District Court's Judgment and Opinion dated May 30, 2006 granting judgment in favor of the Trustee and against Defendant-Appellants and awarding damages of $596,738.60. On appeal, Defendant-Appellants have presented a series of

NO.99742976.1

arguments including principally (i) that the Defendant-Appellants provided reasonably equivalent value to the Debtor, Terry Manufacturing, in connection with the payments made to them by Terry Manufacturing on promissory notes executed by insiders of Terry Manufacturing and (ii) even if the Defendant-Appellants did not provide value to Terry Manufacturing, they are entitled to a credit against the Trustee's judgment for value they gave persons other than Terry Manufacturing.  With regard to the latter, Defendant-Appellants rely upon § 8-9A-8(d)(2) of the Alabama Fraudulent Transfer Act which provides in relevant part that "notwithstanding voidability of the transfer under this chapter, a good-faith transferee is entitled, to the extent of value given the debtor for the transfer or to another person as consequence of the debtor's making such transfer to …a reduction in the amount of the liability on the judgment."

According to Defendant-Appellants, for every dollar paid to them by Terry Manufacturing, they gave a dollar of value to insiders of Terry Manufacturing in the form of a reduction of indebtedness owed to the Appellants by those insiders.  Accordingly, if the Court accepts Defendant-Appellants' interpretation of this provision, it will constitute a complete defense to the Trustee's claim under the Alabama Fraudulent Transfer Act because the Trustee does not, and cannot dispute that for every dollar Terry Manufacturing paid on the promissory notes given by its insiders there was a corresponding reduction in the insiders' liability under those notes.[1]

Should this Court accept the Defendant-Appellants' interpretation of § 8-9-A-8 **and** conclude that Defendant-Appellants qualify as good faith transferees, but affirm the Bankruptcy

---

[1] Obviously, the Trustee continues to disagree with the Defendant-Appellants' interpretation for the reasons detailed in his original brief and amplified during oral argument.  Further, the Trustee does not concede Defendant-Appellants qualify as "good faith transferees."   The Bankruptcy Court did not address that issue.

Court's decision in all other respects, it will relieve the Defendant-Appellants of liability under the Alabama Fraudulent Transfer Act, but will not relieve them of liability with respect to the Trustee's alternate cause of action under the Bankruptcy Code.  The Trustee sued Appellants under both § 548 of the Bankruptcy Code and the Alabama Fraudulent Transfer Act.  The substantive elements of the cause of action for constructive fraudulent transfer under the two statutes are the same.  Whether proceeding under § 548(a)(1)(B) of the Bankruptcy Code or § 8-9A-4(c) of the Alabama Code, the Trustee has the burden of demonstrating (i) that there was a transfer; (ii) the transfer was made at a time when the debtor was either insolvent from a balance sheet standpoint, had inadequate capital or incurred debts beyond its ability to pay; and (iii) the debtor did not receive "reasonably equivalent value" in connection with the transaction.  *See, e.g.*, *Alexander v. DeLong, Caldwell, Novotny, & Bridgers, LLC* (*In re Terry Mfg. Co., Inc.*), ___ B.R. ___, 2006 WL 3210496 at *3 n.6 (Bankr. M.D. Ala. 2006)(Sawyer, J.)(recognizing that § 548 and Alabama Fraudulent Transfer Act require that the plaintiff did not receive "reasonably equivalent value"); *Alexander v. Horton and Reynolds* (*In re Terry Mfg. Co., Inc*)., 345 B.R. 377, 385 (Bankr. M.D. Ala. 2006)(Sawyer, J.)("operative language of § 548 and Alabama Code § 8-9A-5 is nearly identical"). If the Trustee makes a showing sufficient to carry its burden of proof under the Alabama Fraudulent Transfer Act, he simultaneously makes the requisite showing under § 548.

There are two important distinctions between the Alabama Fraudulent Transfer Act and § 548.  First, the Bankruptcy Code does not contain the "credit" provision of § 8-9A-8(d). Second, under the Alabama Fraudulent Transfer Act, the Trustee may avoid transfers which occur within four (4) years of the date the transferor/debtor files for relief under the Bankruptcy

Code. See § 8-9A-9(3) of the Alabama Fraudulent Transfer Act. In contrast, if he employs § 548, the Trustee may only avoid a transfer "that was made or incurred on or within one year before the date of the filing of the petition…". 11 U.S.C. § 548(a)(1).[2] The transfers addressed by the Bankruptcy Court's Opinion occurred between December, 2000 and July, 2003. All of the transfers at issue in the instant case fall within the scope of the Alabama Fraudulent Transfer Act. If the Trustee were effectively limited to his remedies under § 548, he could only recover those transfers made between July 7, 2002 and July 7, 2003, the filing date of Terry Manufacturing's petition under Chapter 11. The total transfers which occurred within that period amount to $394,687.49 as opposed to the $596,738.60 awarded by the Bankruptcy Court.[3]

## CONCLUSION

During oral argument, the Court posed the question of whether it would be a complete defense to the Trustee's claims and fatal to his judgment were the Court to adopt the Appellants' argument with respect to the interpretation of § 8-9A-8(d)(2). The correct answer to that question is that if they are deemed good-faith transferees under § 8-9A-8(d)(2), Appellants would have a complete credit against the Trustee's judgment under the Alabama Fraudulent Transfer Act. That language does not appear within the Bankruptcy Code, and is not a defense to the Trustee's claims under § 548. Accordingly, were the Court to affirm the Bankruptcy Court's decision in all other respects, the net effect would be to reduce damages payable by

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 548 to provide that a trustee may avoid transactions which occur within two years of the bankruptcy petition. Section 1406(b)(2) of that Act, however, provides that the two-year period will only apply in bankruptcy cases filed after 2006. The Terry Manufacturing bankruptcy was filed in 2003.

[3] Prior to trial, the parties stipulated with respect to the payments made to the Appellants by Terry Manufacturing. The Bankruptcy Court admitted without objection exhibits 12, 13 and 19 which detail the specific payments made on the three promissory notes given by the insiders to Appellants. The Trustee had added together those payments which cleared the Terry Manufacturing account on or after July 7, 2002. The date a check is honored by the bank is deemed the date of transfer for bankruptcy fraudulent transfer analysis. *See e.g.*, *In re Morton Shoe Companies*, 36 B.R. 14, 15-16 (Bankr. D. Mass. 1983).

-4-

Appellants from $596,738.60 to $394,687.49.

                                                            Respectfully submitted,

                                                            **PHELPS DUNBAR LLP**

By:   /s/ Brent B. Barriere_____
        Brent B. Barriere, T.A.  (La. Bar No. 2818)
        Catherine E. Lasky (La. Bar No. 28652)
        365 Canal Street, Suite 2000
        New Orleans, LA 70130
        Telephone:  (504) 566-1311

**ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE FOR TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that, on this 6th day of December, 2006, by United States mail, properly addressed and postage pre-paid to the following persons:

C. Ellis Brazeal
Walston Wells & Birchall, LLP
One Federal Place
1819  5th Avenue North, Suite 1100
Birmingham, Alabama 35203-2122

                                                            /s/  Brent B. Barriere_____